UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONALD WILSON,

        Plaintiff,                  Case No. 13-cv-15081

v.                                           Honorable Thomas L. Ludington

PLASTIC OMNIUM AUTO EXTERIORS, L.L.C.,
PLASTIC OMNIUM AUTOMOTIVE EXTERIORS,
L.L.C., PLASTIC OMNIUM INDUSTRIES, INC.
and TRS STAFFING SOLUTIONS, INC.,

        Defendants.

_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL AND
EXTENDING DISPOSITIVE MOTION CUTOFF**

On October 13, 2014, Plaintiff Donald Wilson filed a motion to compel the deposition of Brent Maxwell, an employee of Defendant Plastic Omnium ("Plastic"). ECF No. 22. A Case Management and Scheduling Order was entered on March 21, 2014. ECF No. 19. Pursuant to that order, six months later, discovery closed on September 30, 2014. *Id*. Defendant Plastic was directed to respond to Wilson's motion by October 21, 2014. ECF No. 23. Plastic filed a response on October 21, 2014, ECF No. 24, to which Wilson replied on October 22, 2014. ECF No. 25.

**I.**

On August 13, 2014, Wilson noticed Plastic regarding the deposition of Brent Maxwell. ECF No. 22 at 3. Mr. Maxwell is a representative of Plastic and supervised Wilson while he was employed with Plastic. *Id*. Wilson believes that the testimony of Mr. Maxwell "is essential to the case." *Id*. The deposition was scheduled for September 10, 2014.

On September 30, 2014, a stipulated protective order was issued in this case. ECF No. 21. The process of entering the protective order involved a number of exchanges between the Court and counsel for both parties. The protective order was not entered until the date of discovery cutoff. According to Wilson, Plastic would not produce certain documents until the protective order was entered. ECF No. 22 at 3. Plastic contends, however, that it would produce certain documents that would otherwise be covered by the protective order if Wilson would only stipulate that the protective order would apply to the documents retroactively once the protective order was entered. ECF No. 24 at 4.

The offer to retroactively apply the protective order to any documents produced was first made by Plastic in an email on September 4, 2014. ECF No. 24 at 4. Wilson did not immediately respond to the offer but acquiesced on Monday, September 8, 2014, two days before Mr. Maxwell's scheduled deposition. ECF No. 24 at 4. According to Wilson, the service of documents came in the form of a USB drive marked "Confidential." ECF No. 22 at 3. Wilson also claims that Plastic served more documents on September 9, 2014 by email. *Id*. Wilson alleges that "[t]here was no explanation or designation in [Plastic's] written responses to the discovery requests or on the flash drive to indicate which documents were purported to respond to which document requests." *Id*. at 3-4. Wilson claims that Plastic produced "over a thousand documents" over the course of the two days. *Id*. at 4. Plastic contends that the disclosures were voluminous "[b]ut that was a direct result of the broad scope of the requests made by Plaintiff." ECF No. 24 at 5.

On September 9, 2014 at 5:34 p.m., Wilson notified Plastic that the deposition of Mr. Maxwell had to be adjourned because he "was unable to open many of the documents . . . [and] could not possibly have reviewed all of the documents produced before Maxwell's scheduled

deposition[.]" ECF No. 22 at 4. Plastic objected to this cancellation. ECF No. 24 at 6. Mr. Maxwell had travelled from South Carolina, where he is based, to Michigan for the deposition. *Id*.

Following the cancellation of the deposition the parties had a number of disagreements regarding the time, place, and manner of a new deposition for Mr. Maxwell. At various points Plastic insisted that Wilson travel to South Carolina to take the deposition while Wilson insisted that Plastic produce Wilson in Michigan at a later date or otherwise bear the expense of a video deposition. No compromise could be agreed upon and when Wilson requested deposition dates on October 6, 2014, Plastic responded on October 7, 2014 that discovery was closed and that Mr. Maxwell would not be produced.

## II.

Wilson now moves the Court to compel the deposition of Brent Maxwell "on a date mutually convenient for all counsel, at the offices of counsel for Plaintiff, before October 24, 2014." ECF No. 22 at 7. Plastic opposes Wilson's motion and requests "that the Court order requiring [sic] Plaintiff and/or his attorneys to pay Defendant Plastic Omnium Auto $1,457.31 within five (5) days." ECF No. 24 at 11.[1] Parties are permitted under Federal Rule of Civil Procedure 37 to move for an order compelling disclosure or discovery. "The Federal Rules of Civil Procedure are in place to facilitate discovery of all relevant evidence. Rule 26 authorizes a broad scope of discovery, provided the material sought has some probative value in proving or disproving a claim or defense." *Gamby v. First Nat'l Bank of Omaha*, 06-11020, 2009 WL 963116 (E.D. Mich. Apr. 8, 2009) (citing FED. R. CIV. P. 26(b)(1)). Wilson alleges that Mr. Maxwell was his supervisor during his time working for Plastic. Wilson also alleges in his

---

[1] Plastic's request for costs from Wilson for producing Mr. Maxwell for his first deposition will not be entertained. This Court's local rules prohibit the pleading of affirmative relief in a responsive brief. E.D. MICH. LR 5(e).

complaint that he informed his supervisor about his need for the medical leave that forms the basis for his FMLA claim. ECF No. 1 at ¶13. The deposition of Mr. Maxwell will likely have some probative value in proving Wilson's claim.

As both parties recognize, discovery is closed in this matter. Due to the complexity of the circumstances, however, discovery will be opened to allow the deposition of Mr. Maxwell. An order will issue directing Plastic to make available Brent Maxwell for deposition within the next five (5) business days. *See Ginett v. Fed. Express Corp.*, 166 F.3d 1213 at *3 (6th Cir. 1998) (holding that the district court did not abuse its broad discretion to manage discovery by ordering the deposition of two witnesses after the close of discovery). Mr. Maxwell may be made available in person in South Carolina or by remote videoconferencing systems. "It is within the discretion of the court to designate the location for a taking of depositions[.]" *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987). Of course, these provisions need only be observed in default of counsel reaching an alternative arrangement by stipulation.

Furthermore, due to the delays that will be occasioned by this late discovery, the case management and scheduling order will be adjourned to allow the parties time to prepare their dispositive motions. The dispositive motion cutoff will be adjourned by two weeks from October 31, 2014 to November 14, 2014.

### III.

Accordingly, it is **ORDERED** that Plaintiff Donald Wilson's motion to compel (ECF No. 22) is **GRANTED** in part.

It is further **ORDERED** that Defendant Plastic Omnium Auto is make Brent Maxwell available for deposition within the next five (5) business days either in South Carolina or by videoconferencing system.

- 5 -

It is further **ORDERED** that the dispositive motion cutoff date will be moved to **November 14, 2014**.


Dated: October 27, 2014                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 27, 2014.

                    s/Tracy A. Jacobs
                    TRACY A. JACOBS